IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 31, 2003

## MARCUS N. LEWIS v. TENNESSEE DEPARTMENT
## OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 00-2909-III     Ellen Hobbs Lyle, Chancellor**

---

**No. M2002-00608-COA-R3-CV - Filed May 20, 2003**

---

PATRICIA J. COTTRELL, J. concurring.

I concur in the result reached by the majority and write separately simply to assert the position taken previously by this court that a prisoner's allegations about procedural defects in prison disciplinary board proceedings do not state a claim for relief unless the punishment resulting from those proceedings imposes an atypical and significant hardship in relation to the ordinary incidents of prison life, based upon *Sandin v. Conner*, 515 U.S. 472, 484, 715 S. Ct. 2293, 2300 (1995). Consequently, Mr. Lewis's complaint was subject to dismissal for failure to state a claim on that ground only. Because the issue can be determined by an application of the law to the plaintiff's complaint, I find nothing inappropriate in meeting that complaint with a motion to dismiss for failure to state a claim pursuant to Tenn. R. Civ. P. 12.

I am cognizant, however, of the fact that a member of this panel has taken a different position as to whether claims of procedural irregularities state a claim for relief under Tennessee law on common law writ of certiorari. *See Willis v. Tenn. Dep't of Corr.*, No. M2000-01397-COA-R3-CV, 2002 Tenn. App. LEXIS 389 (Tenn. Ct. App. June 5, 2002) (perm. to appeal granted Dec. 9, 2002). This position explains the concern of the author of the majority opinion with the response to the complaint.

_____
PATRICIA J. COTTRELL, JUDGE